**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANDREW BRAGG,**

    **Plaintiff,**

v.                                      **CASE NO.:**

**THE LAW OFFICES OF KANNER**
**& PINTALUGA, P.A.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANDREW BRAGG, by and through undersigned counsel, brings this action against Defendant, THE LAW OFFICES OF KANNER & PINTALUGA, P.A., and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and for civil theft pursuant to § 772.11, Fla. Stat.

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida, and he worked in Hillsborough County for Defendant.

4. Defendant operates a law firm in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around July 2018.

13. On or about March 1, a qualified member of Plaintiff's family suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

14. Specifically, Plaintiff's mother entered hospice care.

15. On or about March 9, 2020, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for his mother.

16. Defendant accepted the medical documentation from Plaintiff requesting FMLA leave.

17. Defendant knew when they gave the FMLA form to Plaintiff that he was relying on that form to be authentic and that, as a result, he would resubmit the completed form to Defendant and seek protection under the FMLA, including seeking time off from work with the expectation that he would be returned to work after his leave.

18. Plaintiff was not provided any other paperwork regarding his request for FMLA leave.

19. Plaintiff continued his leave to care for his mother with Defendant's knowledge.

20. At the direction of Defendant's Human Resources Director, Plaintiff paid Eight Hundred – Thirty-Six dollars ($836.00) directly to Defendant for his insurance premiums that were cancelled due to Plaintiff taking FMLA leave.

21. Defendant knowingly obtained Plaintiff's money in order to permanently deprive him of the use of that money and to appropriate that money for Defendant's own use or for the use of any other person not entitled to it.

22. On or about April 29, 2020, Plaintiff's employment was terminated for absences that should have been protected by the FMLA.

23. Plaintiff exercised his rights under the FMLA by submitting FMLA paperwork and utilizing FMLA leave to take care of his mother.

24. By terminating his employment, Defendant violated Plaintiff's rights under the FMLA.

25. Plaintiff did not know, and could not have known, that the FMLA form upon which he relied to take time off from work was not authentic and that his employer was making a false representation that he was entitled to protections and benefits of the FMLA.

26. Plaintiff relied on the representations by Defendant that he was entitled to the protections and benefits of the FMLA, without limitation, by submitting the Defendant's FMLA forms, by scheduling a substantial amount of paid-time-off and sick leave, and by the false, but reasonable, expectation that he would be returned to work upon his return.

## COUNT I – FMLA INTERFERENCE

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as fully set forth herein.

28. Plaintiff required time off from work to care for his mother, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

29. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

32. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 26 of this Complaint, as fully set forth herein.

33. Plaintiff requested time off from work to care for his mother, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

34. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – VIOLATION OF FLORIDA'S CIVIL THEFT STATUTE (FLA. STAT. §772.11)

38. Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1-11 and 20-21 of this complaint as fully set forth herein.

39. Fla. Stat. § 812.014 ("Theft") provides, in pertinent part: (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property. (b) Appropriate the property to his or her own use or the use of any person not entitled to the use of the property.

40. Fla. Stat. §772.11 ("Civil Remedy for theft or exploitation") provides, in pertinent part:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and courts costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand.

41. As set forth above, Plaintiff has been injured by Defendant's violation of Fla. Stat. § 812.014, et seq.

42. Defendant knowingly obtained or used, or endeavored to obtain or use, Plaintiff's property with "felonious intent," either temporarily or permanently, to deprive Plaintiff of his right to or a benefit from the property or appropriate the property to Defendant's own use or the use of any person not entitled to the property.

43. On June 12, 2020, Plaintiff presented Defendant with a formal written demand under Fla. Stat. § 772.11 for either the delivery of payment to Plaintiff of the full value of that property. See, Exhibit "A" hereto.

44. As set forth in Plaintiff's June 12, 2020, demand letter, the amount known to him at that time that was subject to the Florida Civil Theft statute was $1,500.00

45. As of the date of filing this lawsuit, which is more than thirty (30) days after the date on which written demand was served, Plaintiff's demand for delivery of his property has gone unfulfilled, as Defendant has not delivered to Plaintiff the damages owed as stated in Plaintiff's demand letter, Exhibit A.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damage.

47. Pursuant to Fla. Stat. § 772.11, Plaintiff is entitled to recover from Defendant three times the current monetary value in compensatory damages for which Defendant would otherwise be liable.

48. Pursuant to Fla. Stat. § 772.11, Plaintiff is also entitled to recover from Defendant the reasonable amount of attorneys' fees Plaintiff has incurred in representing his interests in this matter.

*Wherefore*, Plaintiff, demands:

(a) That this Court enter a judgment that Defendant committed civil theft;

(b) Award Plaintiff treble damages;

(c) Prejudgment interest on all monetary recovery obtained;

(d) Leave to assess punitive damages;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of September, 2020.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**